UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

MANUEL ESCOBEDO,

    Plaintiff (s),

v.

ELITE GUNITE, LLC., and
CAREL J. BAKKES, individually

    Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Manuel Escobedo, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Elite Gunite, LLC., and Carel J. Bakkes, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid half-time overtime hours under the United States laws. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff Manuel Escobedo is a resident of Apopka, Hillsborough County, Florida, within this Honorable Court jurisdiction. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Elite Gunite, LLC. (hereinafter, Elite Gunite, or Defendant) is a Florida corporation, having a place of business in Hillsborough County, Florida, within this Honorable Court jurisdiction. Defendant was and is engaged in interstate commerce.

4. The individual, Defendant Carel J. Bakkes, was and is now the owner/partner/officer and operator of Defendant Corporation Elite Gunite. Accordingly, this individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Hillsborough County, Florida, within this Court's jurisdiction.

## General Allegations

6. Plaintiff Manuel Escobedo brings this cause of action as a collective action to recover from the Defendants half-time overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"). Plaintiff brings this action also on behalf of all other current and former

employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 2019, (the "material time") without being adequately compensated.

7. Defendant Elite Gunite is a general contractor providing gunite services to commercial and residential clients. Defendant Elite Gunite specializes in the application of gunite to swimming pools, spas, and water features.

8. Defendant has facilities located at 2410 E US Highway 92, Plant City, FL 33566, where Plaintiff worked.

9. Defendants Elite Gunite and Carel J. Bakkes employed Plaintiff Manuel Escobedo as a non-exempted, full-time hourly employee from approximately December 2016 to February 25, 2022, or more than five years. However, for FLSA purposes, Plaintiff's relevant time of employment is 153 weeks.

10. Plaintiff had duties as a lead construction worker finishing swimming pools and spas by applying gunite.

11. Plaintiff was paid a piece rate of $300.00 per pool finished. Plaintiff worked and completed between 7, 10, or more swimming pools in a week. Thus, he should be paid between $2,100.00 and 3,000.00 weekly.

12. However, Plaintiff never agreed with the number of swimming pools paid to him at the piece rate. Plaintiff estimates that he was paid an average of $2,000.00 (6.67 pools) weekly.

13. During the relevant time of employment, Plaintiff had a regular schedule, and he worked 6 days per week. Plaintiff worked from Monday to Saturday, from 5:00 AM to 7:00 PM (14 hours daily). Plaintiff regularly and consistently worked a total of 84 hours per week. Plaintiff was unable to take bonafide lunch hours.

14. While employed by Defendants, Plaintiff worked 84 hours weekly, but he was not paid for many overtime hours, at any rate, not even at that minimum wage rate as required by the FLSA.

15. Every week, Plaintiff received a different amount that did not match the number of swimming pools finished by Plaintiff.

16. Plaintiff was provided with confusing paystubs that showed a regular hourly rate of $10.00 and a few overtime hours paid at $15.00 hours. In the same paystubs, Defendants also showed a piece-rate without disclosing the rate, the number of pieces paid, and without showing the number of days and hours worked. Defendants applied employee taxes deduction over the total hourly and piece rates added together.

17. In the end, Plaintiff received the sum of the hourly rate plus a piece rate, which in any case resulted in the number of pools that Defendants decided to pay Plaintiff for that week.

18. Plaintiff disagreed and got disappointed every time he received his payment and paystubs showing less than the piece rate he expected to be paid.

19. Plaintiff did not clock in and out, but he worked under Defendants' supervisory staff, and Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

20. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. On or about February 25, 2022, Plaintiff left his employment because Defendants did not pay him his piece rate correctly.

22. Plaintiff is not in possession of time and payment records, but without the benefits of discovery, at this time Plaintiff will provide a good faith estimate about the unpaid overtime wages, based on an average payment of a piece rate of $300.00 for an average of 6.67 pools finished in a workweek of 6 days with 84 hours. After discovery, Plaintiff will amend his Statement of Claim accordingly.

23. Plaintiff Manuel Escobedo seeks to recover half-time overtime wages accumulated during his entire relevant employment period with Defendants, liquidated damages, and any other relief allowable by law.

24. In addition, Plaintiff is claiming unpaid wages for $1,300.00 corresponding to his last check. Defendants were supposed to pay Plaintiff at least $2,000.00, but they made a partial payment to him of only $700.00

## Collective Action Allegations

25. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

26. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours every at the rate of time and one-half their regular rate.

27. The additional persons who may become Plaintiffs in this action are weekly-paid employees and former employees of Defendantx who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular and overtime hours at the rate of time and one half their regular rate of pay for every hour worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

28. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-27 above as set out in full herein.

29. Plaintiff Manuel Escobedo brings this cause of action as a collective action to recover from the Defendants half-time overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

30. The Employer Defendant Elite Gunite is a general contractor providing gunite services for swimming pools and spas to residential and commercial accounts. Defendant is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant

was always material hereto more than $500,000 per annum. Therefore, there is enterprise coverage.

31. Plaintiff was employed by an enterprise engaged in interstate commerce. Accordingly, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce within the meaning of the FLSA. Also, Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

32. For the reasons stated above, Defendant Elite Gunite must comply with the overtime requirements of the FLSA.

33. Defendants Elite Gunite and Carel J. Bakkes employed Plaintiff Manuel Escobedo as a non-exempted, full-time hourly employee from approximately December 2016 to February 25, 2022, or more than five years. However, for FLSA purposes, Plaintiff's relevant time of employment is 153 weeks.

34. Plaintiff had duties as a lead construction worker finishing swimming pools and spas by applying gunite.

35. Plaintiff was paid a piece rate of $300.00 per pool finished. Plaintiff worked and completed between 7, 10, or more swimming pools in a week. Thus, he should be paid between $2,100.00 and 3,000.00 weekly.

36. However, Plaintiff never agreed with the number of swimming pools paid to

him at the piece rate. Plaintiff estimates that he was paid an average of $2,000.00 (6.67 pools) weekly.

37. During the relevant time of employment, Plaintiff had a regular schedule, and he worked 6 days per week, a total of 84 hours. Plaintiff was unable to take bonafide lunch periods.

38. While employed by Defendants, Plaintiff worked 84 hours weekly, but he was not paid for many overtime hours, at any rate, not even at that minimum wage rate as required by the FLSA.

39. Every week, Plaintiff received a different amount that did not match the number of swimming pools finished by Plaintiff.

40. Plaintiff was provided with confusing paystubs that showed a regular hourly rate of $10.00 and a few overtime hours paid at $15.00 hours. In the same paystubs, Defendants also showed a piece-rate without disclosing the rate, the number of pieces paid, and without showing the number of days and hours worked. Defendants applied employee taxes deduction over the total hourly and piece rates.

41. In the end, Plaintiff received the sum of the hourly rate plus a piece rate, which in any case resulted in the number of pools that Defendants decided to pay Plaintiff for that week.

42. Plaintiff did not clock in and out, but he worked under Defendants' supervisory

staff, and Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

43. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

44. On or about February 25, 2022, Plaintiff left his employment because Defendants did not pay him his piece rate correctly.

45. Plaintiff is not in possession of time and payment records, but without the benefits of discovery, at this time Plaintiff will provide a good faith estimate about the unpaid overtime wages, based on an average payment of a piece rate of $300.00 for an average of 6.67 pools finished in a workweek of 6 days with 84 hours. After discovery, Plaintiff will amend his Statement of Claim accordingly.

46. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated and the compensation paid to such employees should be in the Defendants' possession and custody.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

47. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

48. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

49. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

50. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, is as follows:

    * Please note that this amount is based on a preliminary calculation. After proper discovery, Plaintiff will adjust his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Eighty Thousand One Hundred Seventy-Eight Dollars and 12/100 ($80,178.12)

    b. <u>Calculation of such wages</u>:

    Total period of employment: more than 5 years
    Relevant weeks of employment: 153 weeks
    　　　　Total number of hours worked: 84 hours weekly
    Total unpaid O/T hours: 44 O/T hours weekly
    Piece rate: $300.00 per pool finished x 6.67 average pieces/pool completed: $2,100.00
    Piece rate paid: $2,000.00 average weekly: 84 hours worked= $23.81
    Regular rate: $23.81 x 1.5= $35.72 O/T rate
    O/T rate $35.72-$23.81 O/T rate paid= $11.91 half-time O/T
    Half-time O/T= $11.91 (unpaid difference)

    $11.91 x 44 O/T hours $524.04 weekly x 153 weeks=$80,178.12

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid overtime wages.

51. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by Defendants to pay them at the rate of time properly and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

52. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

53. At times mentioned, individual Defendant Carel J. Bakkes was, and is now, the owner/partner/manager of Elite Gunite. Defendant Carel J. Bakkes was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Elite Gunite's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Carel J. Bakkes had financial and operational control of the business determined Plaintiff's terms

and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

54. Defendants Elite Gunite and Carel J. Bakkes willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

55. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

WHEREFORE, Plaintiff Manuel Escobedo and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Manuel Escobedo and other similarly situated individuals and against the Defendants Elite Gunite and Carel J. Bakkes, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff Manuel Escobedo actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Manuel Escobedo demands trial by a jury of all issues triable as of right by a jury.

Dated: April 29, 2022

                                      Respectfully submitted,

                                      By: **/s/ Zandro E. Palma**
                                      ZANDRO E. PALMA, P.A.
                                      Florida Bar No.: 0024031
                                      9100 S. Dadeland Blvd.
                                      Suite 1500
                                      Miami, FL 33156
                                      Telephone:    (305) 446-1500
                                      Facsimile:     (305) 446-1502
                                      zep@thepalmalawgroup.com
                                      *Attorney for Plaintiff*